# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ROCHELLE Y. HARE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 13-CV-508-JED-FHM |
| | ) |
| **PATRICK R. DONAHOE,** | ) |
| **POSTMASTER GENERAL,** | ) |
| **UNITED STATES POSTAL SERVICE,** | ) |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

The Court has for its consideration the United States of America's Motion to Dismiss (Doc. 12) plaintiff Rochelle Y. Hare's complaint (Doc. 1). Hare's pro se lawsuit against her former employer, the United States Postal Service, alleges a variety of employment discrimination claims. The United States asks that improperly named defendants be dismissed from this case and that all of Hare's claims against Patrick R. Donahoe, Postmaster General, be dismissed for lack of subject matter jurisdiction or failure to state a cognizable claim.

### BACKGROUND

Hare alleges that she was employed by the United States Postal Service ("USPS") as a Mail Processing Clerk at the Chimney Hills Station in Tulsa, Oklahoma. The crux of her complaint appears to be that, during her time there, she was discriminated against because of her race (African American) and disability (asthma); subjected to a hostile work environment; retaliated against for engaging in protected activity; and, ultimately, wrongfully terminated. She seems to allege that the discrimination began when she received a written warning for being absent from her work area while clocked in. Hare received a number of other written warnings

and suspensions for various infractions. It is difficult to identify from her complaint what exactly Hare believes to be the racial or disability-based discriminatory treatment she allegedly received. She primarily asserts that she was harassed by her supervisor, Carla Keller. She also alleges that a co-worker ran into her with a piece of equipment, but does not allege that it resulted in any physical injury to her. It appears that she was ultimately terminated on January 26, 2011.

## STANDARDS

In considering dismissal under Rule 12(b)(6), this Court must determine whether the plaintiff stated a claim upon which relief may be granted.[1] *See* Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require "a short and plain statement of the claim to show that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The standard does "not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555-56, 570 (citations omitted). "Asking for plausible grounds … does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'" *Id.* at 556. "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 562. "Thus, if allegations are so general that they

---

[1] As noted above, the government does make a factual attack as to the Court's subject matter jurisdiction with respect to some of the allegations in plaintiff's complaint. For reasons discussed below, the Court needn't fully discuss the merits of this argument or the Rule 12(b)(1) standards governing such a challenge.

encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Owens v. City of Barnsdall*, 2014 U.S. Dist. LEXIS 71796, *4 (N.D. Okla. May 27, 2014) (citing *Robbins v. Okla. ex rel. Okla. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008).

*Twombly* articulated the pleading standard for all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, this Court must accept all the well-pleaded factual allegations of the complaint as true, even if doubtful, and must construe the allegations in the light most favorable to the claimant. *See Twombly*, 550 U.S. at 555; *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

As noted, plaintiff appears pro se. Pro se pleadings must be liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner,* 404 U.S. 519, 520 (1972). Nevertheless, a district court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("rule of liberal construction [of pro se filings] stops, however, at the point at which we begin to serve as his advocate."); *Garret v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("The court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."). Moreover, even pro se plaintiffs are required to comply with the fundamental requirements of the Federal Rules of Civil Procedure and substantive law, and the liberal construction to be afforded does not transform "vague and conclusory arguments" into valid claims for relief. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir.1994); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993).

## DISCUSSION

Construing her complaint liberally, Hare alleges claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16(c) ("Title VII"), the Rehabilitation Act, 29 U.S.C. § 794, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), and the National Labor Relations Act, 29 U.S.C. § 158 (the "NLRA").

**Proper Parties to this Suit**

The government first seeks dismissal of all defendants other than Donahoe on the basis that he is the only properly named defendant in light of the claims alleged by plaintiff. This Court has held that in a suit under Title VII or the Rehabilitation Act against the United States, only the head of the federal agency or department sued is a proper defendant. *Tesh v. U.S. Postal Serv.*, 215 F. Supp. 2d 1220, 1227 (N.D. Okla. 2002) (citing *Brezovski v. U.S. Postal Serv.*, 905 F.2d 334, 335 n. 2 (10th Cir. 1990)) ("in a case under Title VII or section 501 of the Rehabilitation Act against the USPS, the United States Postmaster General is the only proper defendant.").

The individual defendants are likewise not proper defendants under the ADA. *See Butler v. City of Prairie Village*, 172 F.3d 736 (10th Cir. 1999) (holding that the ADA, like Title VII, "precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition."). However, Donahoe, as an agency head on behalf of the United States, is also not a proper defendant with respect to Hare's purported ADA claim. USPS is "[a]n independent establishment of the Executive Branch of the government of the United States ...." 39 U.S.C. § 201. As such, USPS is not a "covered entity" under the ADA and the Rehabilitation Act "is the exclusive remedy for discrimination in employment by the Postal Service on the basis of handicap." *Johnson v. United States Postal Service,* 861 F.2d 1475, 1477

(10th Cir.1989) (quoting *Boyd v. United States Postal Service,* 752 F.2d 410, 413 (9th Cir.1985)).

As such, Hare's claims under Title VII, the Rehabilitation Act, and ADA are dismissed as to all defendants other than Donahoe on the basis that they are not proper parties. Hare's ADA claim is also dismissed as to Donahoe because the USPS is not subject to suit under the ADA.

**NLRA Claim**

The United States argues that Hare's purported claim under the NLRA is subject to dismissal because this Court lacks jurisdiction over it. While her complaint does not allege any specific violation of the NLRA, she does reference possible retaliation for filing union grievances. "[A]s a general rule, neither state nor federal courts have jurisdiction over suits directly involving activity [which] is arguably subject to § 7 or § 8 of the Act." *Vaca v. Sipes*, 386 U.S. 171, 179, 87 S. Ct. 903, 911, 17 L. Ed. 2d 842 (1967) (internal quotations omitted; brackets original). Hare's claim appears to be such a claim as she argues that she was retaliated against for engaging in union activities. *See, e.g., Bullard v. Goodyear Tire & Rubber Co.*, 2011 WL 4092192 (D. Kan. Sept. 14, 2011). Hare's NLRA claim is therefore dismissed for lack of jurisdiction.

**Title VII and the Rehabilitation Act**

The Court has fully reviewed the allegations in Hare's complaint, and construing them in the light most favorable to her, no cognizable claim under either Title VII or the Rehabilitation Act has been alleged.[2] The bare allegations and conclusory statements in her complaint do not raise any inference of racial or disability-based discrimination on the part of her supervisor or

---

[2] The United States argues that many of Hare's allegations have not been administratively exhausted. The Court finds it unnecessary to address this argument because, assuming *arguendo* that Hare had fully exhausted her administrative remedies, she does not allege a cognizable claim.

anyone at USPS. In addition, her allegation that she was subjected to a hostile work environment because of her race, disability, or engaging in protected activity is not supported by any facts which would tend to demonstrate that any action was taken against her because of race or disability, or that she was subjected to pervasive or severe harassment. Nor do the allegations raise an inference of retaliation. Indeed, Hare's allegations seem to merely allege that she was disciplined for rule violations; not that she was discriminated against in any way. While Hare appears pro se, the Court is not required to act as an advocate on her behalf or attempt to concoct viable theories of relief for her. *See Bellmon*, 935 F.2d at 1110. Accordingly, Hare's claims under Title VII and the Rehabilitation Act are dismissed.

**IT IS THEREFORE ORDERED** that the United States of America's Motion to Dismiss (Doc. 12) is **granted**. Plaintiff's complaint is **dismissed**.

A separate judgment of dismissal will be entered herewith.

**SO ORDERED** this 25th day of September, 2014.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE